WESTERN STEEL COMPANY,
Petitioner,

v.

Hank ALTENBURG, Respondent.

No. 05–0630.

Supreme Court of Texas.

Oct. 27, 2006.

Marc J. Wojciechowski, Malcolm D. Dishongh, Wojciechowski & Associates, P.C., Spring, TX, for Western Steel Company.

William J. Tinning, Law Office of William J. Tinning, Portland, TX, for Hank Altenburg.

PER CURIAM.

The principal issue in this case concerns the sufficiency of the evidence to support the jury's finding that a worker injured at a steel company was not the employee, or borrowed employee, of that company and

thus was not subject to the company's affirmative defense under the Texas Workers' Compensation Act. In affirming the trial court's judgment, a divided court of appeals did not reach the sufficiency issue, concluding instead that the steel company was not entitled to the affirmative defense because it failed to prove that it had workers' compensation insurance. 169 S.W.3d 347, 353. We conclude that the existence of the steel company's workers' compensation policy was undisputed. Therefore, the judgment of the court of appeals is reversed and we remand the cause to that court for further proceedings consistent with our opinion.

Hank Altenburg was a temporary worker hired by Unique Employment Services and sent to work for Western Steel Company. While working for Western, Altenburg was injured when a heated steel beam fell on his foot. He was thereafter paid benefits under Unique's workers' compensation policy.

Altenburg subsequently sued Western for his injuries. Western answered, asserting its own workers' compensation policy as a bar to Altenburg's action. Western also filed a motion for summary judgment, asserting that it was not liable under the exclusive remedy provision of the workers' compensation statute because Altenburg was its borrowed employee. *See* TEX. LAB.CODE § 408.001(a). Included among the summary judgment evidence attached to the motion was a copy of the information page from Western's workers' compensation policy indicating coverage when Altenburg was injured. The trial court, however, denied the motion for summary judgment, and the case proceeded to trial.

Altenburg subsequently indicated his intent to offer into evidence the workers' compensation policies of both Unique and Western. Western's attorney objected that the admission of its compensation policy was unnecessary because (1) Altenburg had previously conceded its existence, and (2) it was irrelevant for the jury's decision. The trial court overruled Western's objections and admitted plaintiff's exhibits 14A and 14B, which Altenburg's attorney identified as Unique's and Western's workers' compensation policies. Exhibit 14B, however, was not Western's compensation policy but rather was Western's commercial general liability policy. Apparently, neither the court nor the parties noticed the mistake.

At the conclusion of the evidence, several questions were submitted to the jury, including the following one inquiring whether Altenburg was Western's borrowed employee:

On the occasion in question was Hank Altenburg acting as a borrowed employee of Western Steel Company, Inc.?

An "employee" is a person in the service of another with the understanding, express or implied, that such other person has the right to direct the details of the work and not merely the result to be accomplished.

An employee ceases to be an employee of his general employer if he becomes the "borrowed employee" of another. One who would otherwise be in the general employment of one employer is a borrowed employee of another employer if such other employer or his agents have the right to direct and control the details of the particular work inquired about.

Answer "Yes" or "No."

Answer: NO.

The trial court rendered judgment against Western for damages relating to Altenburg's injury.

Western appealed, challenging the legal and factual sufficiency of the jury's failure

to find that Altenburg was Western's borrowed employee. Rather than address these issues, the court of appeals examined exhibit 14B, Western's general liability policy, and the testimony of Western's president, concluding that Western was not entitled to assert the workers' compensation bar as a defense because there was no evidence that it had workers' compensation insurance. 169 S.W.3d at 352. In fact, the court noted that after carefully examining plaintiff's exhibit 14B, it had discovered that Western's commercial general liability (the policy mistakenly admitted instead of its applicable workers' compensation policy) expressly excluded workers' compensation. *Id.* at 351 & n. 18. One Justice dissented, arguing that the court should address the sufficiency issues raised in Western's appeal. *Id.* at 353 (Castillo, J. dissenting).

After the court's decision, Western filed its motion for rehearing and a motion to correct the record to substitute its workers' compensation policy for the general liability policy mistakenly tendered as plaintiff's exhibit No. 14B. The court denied Western's motion for rehearing without taking any apparent action on the motion to correct the record.

■ The Texas Workers' Compensation Act (TWCA) states that the "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage ... against the employer ... for ... a work-related injury sustained by the employee." Tex. Lab.Code § 408.001(a). An employee may have more than one employer within the meaning of the TWCA and each employer may raise the exclusive remedy provision as a bar to the employee's claims. *See Wingfoot Enters. v. Alvarado,* 111 S.W.3d 134, 143, 148 (Tex.2003); *see also Garza v. Exel Logistics, Inc.,* 161 S.W.3d 473, 476 (Tex.2005).

In *Wingfoot* and *Garza,* the injured worker was employed by a temporary employment agency (general employer) which agreed to provide another company (client company) with temporary workers. The injured worker sustained a work-related injury while working on the premises of the client company. *Wingfoot,* 111 S.W.3d at 135; *Garza,* 161 S.W.3d at 474. In *Wingfoot,* we held that the exclusive remedy provision applied to a general employer because the injured worker and the general employer fell within the respective definitions of "employee" and "employer" under the TWCA. 111 S.W.3d at 149. In *Garza,* we held that the injured worker was an employee of the client company within the meaning of the TWCA but remanded because there was no evidence that the client company had workers' compensation insurance coverage. 161 S.W.3d at 477, 481. In so holding, we reasoned that in light of the TWCA's definitions of employer and employee the plaintiff's claims are barred by the exclusive remedy provision if the client company establishes: (1) it was the plaintiff's employer within the meaning of the TWCA, and (2) it was covered by a workers' compensation insurance policy. *See Garza,* 161 S.W.3d at 475–77. In determining whether the client company was the plaintiff's employer, we consider whether the plaintiff was the client company's employee within the meaning of the TWCA. *See id.* at 476–77. In answering that question, "we consider traditional indicia, such as the exercise of actual control over the details of the work that gave rise to the injury." *Id.* at 477.

In *Garza,* the undisputed evidence established that at the time the worker was injured, he was working on the client company's premises, in the furtherance of the client company's day-to-day business, and the details of the work that caused his injury were specifically directed by the

client company. *Id.* Thus, the client company was the employer of the injured worker for the purposes of the exclusive remedy provision. *Id.*

 Here, Western raised its workers' compensation insurance as a defense and therefore bore the burden of proving that it was Altenburg's employer and that it had coverage at the time of his injury. *See id.* at 475–77. The latter issue, however, was not disputed as Altenburg's counsel agreed that Western had workers' compensation insurance and even attempted to put that policy in evidence as plaintiff's exhibit 14B. Moreover, Western asserted, in its appellate brief, that it had workers' compensation insurance at the time of Altenburg's injury, and Altenburg did not dispute that fact. Despite this, the court of appeals put the matter in issue, affirming the trial court's judgment without reaching the merits of the issues actually raised on appeal. We believe that the court of appeals erred in creating a fact issue where none existed.

An appellate court normally accepts as true the facts stated in an appellate brief unless the opposing party contradicts them. TEX.R.APP. P. 38.1(f); *accord Ingalls v. Standard Gypsum, L.L.C.,* 70 S.W.3d 252, 255, n. 2 (Tex.App.–San Antonio 2001, pet. denied) (appellate court accepting as true appellant's uncontradicted statement of fact that employer carried workers' compensation insurance at the time of employee's accident). Although Altenburg stated in his brief that he was covered by, and received workers' compensation benefits from his employer, Unique, he never disputed that Western was also a subscriber or that it had workers' compensation insurance at the time of his injury. Creating issues of fact when the facts are not in dispute is akin to a court searching for errors that the parties have not raised. In the latter circumstance, we have cau-

tioned that, absent fundamental error, an appellate court should refrain from deciding cases on legal errors not assigned by the parties. *See Allright, Inc. v. Pearson,* 735 S.W.2d 240, 240 (Tex.1987); *Am. Gen. Fire and Cas. Co. v. Weinberg,* 639 S.W.2d 688, 689 (Tex.1982).

We conclude that the court of appeals erred in not accepting the undisputed fact that Western had workers' compensation insurance at the time of Altenburg's injury and thereby not reaching the matter at issue on appeal—whether the evidence was sufficient to support the jury's verdict. Accordingly, we reverse the court of appeals' judgment and, without hearing oral argument, remand the cause to that court for further proceedings consistent with our opinion. TEX.R.APP. P. 59.1.