PORT ELEVATOR–BROWNSVILLE,
L.L.C., Petitioner,

v.

Rogelio CASADOS and Rafaela Casados, Individually and as Representatives of the Estate of their Son Rafael Casados, Respondents.

No. 10–0523.

Supreme Court of Texas.

Argued Oct. 6, 2011.

Decided Jan. 27, 2012.

P. M. Schenkkan, Mary A. Keeney, Graves Dougherty Hearon & Moody, P.C., Austin, Thomas F. Nye, Gault, Nye & Quintana, L.L.P., Corpus Christi, Mike Mills and Adriana Hernandez Cardenas, Atlas & Hall, L.L.P., McAllen, for Port Elevator–Brownsville, LLC.

Michael A. Caddell, Cynthia Bodendieck Chapman, Craig C. Marchiando, Caddell & Chapman, Richard D. Daly, Richard Daly Law Firm, Houston, Frank Costilla, Law Offices of Frank Costilla, L.P., Brownsville, Dana B. Levy, 5th Administrative Judicial Region, Corpus Christi and David E. Keltner, Kelly Hart & Hallman, Fort Worth, for Rogelio Casados.

Jay M. Wallace, Gibson McClure & Wallace, Dallas, for Amicus Curiae The American Staffing Association.

Justice GUZMAN delivered the opinion of the Court.

Rafael Casados suffered a fatal, work-related injury while working for two employers that both had workers' compensation coverage. Casados's parents sued one of the employers. The principal issue in this case is whether workers' compensation was the exclusive remedy to Casados's parents, which would bar their suit against Port Elevator. The court of appeals held that the policy at issue did not cover Casados because he was a temporary worker and affirmed the judgment Casados's parents obtained against Port Elevator. 314 S.W.3d 529, 540. We have long held that the Labor Code and the rule against split workforces require employers to elect workers' compensation coverage for all employees—except for limited statutory and common-law exceptions that do not apply here. Because Port Elevator had a workers' compensation policy, Casados was an employee, he suffered a work-related injury, and the jury failed to find Port Elevator grossly negligent, the Texas Workers' Compensation Act (TWCA) provides that the exclusive remedy is against the employer's insurer—not the employer. Accordingly, the claim at issue in this appeal is barred, we reverse the judgment of the court of appeals, and render judgment for Port Elevator.

## I.

Rafael Casados worked for Staff Force, Inc. (Staff Force), a temporary staffing agency. Staff Force provided Casados to perform general labor for Port Elevator–Brownsville, LLC (Port Elevator) at its grain storage facility in April 2005. Casados suffered a fatal, work-related injury his third day on the job. Staff Force and Port Elevator both carried workers' compensation insurance. Staff Force's carrier was Dallas Fire Insurance Company (Dallas Fire) and Port Elevator's carrier was Texas Mutual Insurance Company (Texas Mutual). The TWCA requires workers' compensation insurers to reimburse burial expenses for employees such as Casados who had no spouse, children, or dependents, and to pay a certain sum into the subsequent injury fund. Tex. Lab.Code §§ 403.007, 408.186.[1] Dallas Fire offered to reimburse Casados's parents up to the statutory amount for burial expenses and also paid the required $56,238 into the subsequent injury fund. Port Elevator reported the injury to Texas Mutual, but Texas Mutual denied coverage—claiming that Casados was a Staff Force employee and not a Port Elevator employee. There is no evidence that Casados's parents sought benefits from Texas Mutual or appealed Texas Mutual's denial of coverage. Rather, Casados's parents sued Port Elevator for negligence, negligence *per se,* and gross negligence.

Port Elevator's workers' compensation policy with Texas Mutual covered all of Port Elevator's places of employment. The policy requires Texas Mutual to "pay promptly when due the benefits required ... by workers compensation law." The policy also estimates the premiums due by classifying employees and assessing the risk for each classification. The policy has classification codes for "clerical office employees" and "grain elevator operation & local managers, drivers." The policy has no exclusion for temporary workers such as Casados.

Port Elevator raised the affirmative defense that workers' compensation was the plaintiffs' exclusive remedy. Both sides moved for summary judgment on the exclusive-remedy defense. Port Elevator argued it was a workers' compensation subscriber, Casados was covered, and workers' compensation was the exclusive remedy. Casados's parents argued the policy did not cover Casados because: (1) Port Elevator did not pay premiums for temporary employees; (2) Casados was not covered by any code classification; and (3) Texas Mutual denied coverage. The trial court granted the plaintiffs' motion for summary judgment and denied Port Elevator's—allowing a trial on the negligence and gross negligence claims.

The jury found Port Elevator negligent but not grossly negligent. After factoring in a settlement credit, the trial court entered judgment on the jury's award on the negligence claim. The court awarded $515,167.09 to Casados's estate for pain, mental anguish, and pre-judgment interest and $2,189,967.76 to Casados's parents for mental anguish, loss of companionship and society, and pre-judgment interest. The court of appeals affirmed. 314 S.W.3d at 540.

Because we conclude that Port Elevator conclusively established it subscribed to workers' compensation insurance, that Casados was an employee, and that he suffered a work-related injury, we reverse the court of appeals' judgment and render judgment in favor of Port Elevator.

---

1. In 2007, the Legislature amended the TWCA to also provide 104 weeks of death benefit payments to non-dependent parents in this situation. Tex. Lab.Code § 408.182(d–1).

## II.

Unlike workers' compensation laws in every other state, the TWCA allows private Texas employers to choose whether to subscribe to workers' compensation insurance. Tex. Lab.Code § 406.002(a); *Lawrence v. CDB Servs., Inc.*, 44 S.W.3d 544, 552 (Tex.2001). Employees of subscribing employers also have a choice: they may opt out of the system within the prescribed time and retain their common-law rights. Tex. Lab.Code § 406.034; *Lawrence*, 44 S.W.3d at 552. Although the TWCA is unique among the states in allowing private employers to choose whether to subscribe, it encourages employers to subscribe by abolishing their common-law defenses of contributory negligence, assumption of the risk, and fellow servant if they do not subscribe. Tex. Lab.Code § 406.033; *Lawrence*, 44 S.W.3d at 552.

▆▆▆ The Legislature intended the TWCA to benefit both employees and employers. For employees, the TWCA allows them to recover workers' compensation benefits for injuries in the course and scope of employment without proving fault by the employer and without regard to their negligence or that of their coworkers. Tex. Lab.Code § 406.031; *HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 350 (Tex.2009); *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 511 (Tex.1995). We construe the TWCA liberally in favor of coverage as a means of affording employees the protections the Legislature created. *Navarette*

*v. Temple Indep. Sch. Dist.*, 706 S.W.2d 308, 309–10 (Tex.1986). For employers, their liability to employees is limited. *Garcia*, 893 S.W.2d at 510–11. The TWCA states that "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer . . . for the death of or a work-related injury sustained by the employee." Tex. Lab.Code § 408.001(a). The only exception to the exclusive remedy provision is when an employee's death "was caused by an intentional act or omission of the employer or by the employer's gross negligence." Tex. Lab.Code § 408.001(b). Here the jury found that Port Elevator was not grossly negligent. Accordingly, the suit against Port Elevator is barred by section 408.001(a). *Western Steel Co. v. Altenburg*, 206 S.W.3d 121, 123–24 (Tex.2006).

▆▆▆ Although the TWCA specifies an employer may subscribe to workers' compensation insurance by generally obtaining or declining coverage,[2] importantly, the employer may not split its workforce by electing coverage for some employees but not coverage for all. *Tex. Workers' Comp. Ins. Fund v. DEL Indus., Inc.*, 35 S.W.3d 591, 596 (Tex.2000) ("It has long been the law in Texas that an employer may not split its workforce by providing workers' compensation insurance to some workers

---

2. Tex. Lab.Code §§ 406.002–.003. Other provisions of the TWCA confirm that an employer's election is generally for its workforce as a whole. *See id.* § 406.004 (requiring employer to notify division if it elects not to obtain coverage); *id.* § 401.011(18) (defining "employer" as "a person who makes a contract of hire, employs one or more employees, and has workers' compensation insurance coverage"); *id.* § 401.012(a) (defining "employee" as "each person in the service of another under a contract for hire"); *id.* § 406.031(a)

("An insurance carrier is liable for compensation for an employee's injury without regard to fault or negligence if: (1) at the time of injury, the employee is subject to this subtitle; and (2) the injury arises out of and in the course and scope of employment."); *id.* § 406.005(c) ("Each employer shall post a notice of whether the employer has workers' compensation insurance coverage at conspicuous locations at the employer's place of business as necessary to provide reasonable notice to the employees.").

while leaving others without coverage.").[3]

Statutes and the common law provide certain limited exceptions that allow an employer to split its workforce—but no exception applies here. First, an employer may operate more than one distinct kind of business and elect workers' compensation insurance for only one of its businesses. *Sullivan*, 334 S.W.2d at 786 ("an employee falls outside the coverage secured by an employer if the employer conducts two separate and distinct kinds of business, each of which involves different risks, payrolls and premium rates"). It is undisputed that Port Elevator operated only one business. Second, an employer may elect to exclude a sole proprietor, partner or corporate executive officer. TEX. LAB.CODE § 406.097. Port Elevator made two exclusions, but they were at the executive level. Third, an employer may lease staff from another company under the Staff Leasing Services Act (SLSA). *Id.* § 91.042. However, the SLSA does not apply to work that is "temporary or seasonal in nature." *Id.* § 91.001(14). Absent one of these statutory or common-law exceptions, an employer may not split its workforce.

An employee may have more than one employer within the meaning of the TWCA, and each employer who subscribes to workers' compensation insurance may raise the exclusive-remedy provision as a bar to claims about the injury. *See Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 475–76 (Tex.2005) (stating that client company could assert exclusive-remedy defense to claims by temporary employee if it was covered by workers' compensation insurance); *Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 143 (Tex.2003) (holding

that exclusive-remedy provision applied to both temporary staffing company and client company). In *Wingfoot*, we held that an employee of a temporary staffing agency sent to a client company that directs the details of his work is an employee of both companies. 111 S.W.3d at 143. We explained that "an employee should not be placed in the position of trying to determine, perhaps at his or her peril, which of two entities was his or her employer on any given day or at any given moment during a day." *Id.* In *Garza*, we held that a client company can avail itself of the exclusive remedy provision against claims by a temporary employee if either: (1) the client company was a named insured on the staffing company's policy; (2) the staffing company obtained a separate workers' compensation policy for the client company; or (3) the client company obtained its own workers' compensation policy. 161 S.W.3d at 480. We remanded because there was no evidence the client company had any such coverage. *Id.* at 481. In *Western Steel*, we stated that the exclusive-remedy provision bars claims by a temporary worker against a client company if the client company establishes: (1) that it was the plaintiff's employer within the meaning of the TWCA, and (2) it subscribed to workers' compensation insurance. 206 S.W.3d at 123. We held that the exclusive-remedy provision barred that suit because the client company was the plaintiff's employer and was a workers' compensation subscriber. *Id.* at 124.

Here, the parties agree that Casados was an employee of both Staff Force and Port Elevator and that Port Elevator was a workers' compensation subscriber at the

---

3. *See also Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 145 (Tex.2003); *Md. Cas. Co. v. Sullivan*, 160 Tex. 592, 334 S.W.2d 783, 786 (1960); *Pac. Indem. Co. v. Jones*, 160 Tex. 164, 327 S.W.2d 441, 443 (1959); *Barron v.* *Standard Accident Ins. Co.*, 122 Tex. 179, 53 S.W.2d 769, 770 (1932); *Buice v. Serv. Mut. Ins. Co.*, 90 S.W.2d 342, 343 (Tex.Civ.App.-Waco 1936, writ ref'd).

time of the accident. The parties disagree as to whether Casados was covered by Port Elevator's workers' compensation policy. However, a client company is entitled to the exclusive remedy defense upon showing that it was the plaintiff's employer and that it was covered by a workers' compensation policy. *Id.* at 123. This is because the TWCA and our decisions are intended to prevent an employer from splitting its workforce by choosing coverage for some employees but not coverage for all—absent limited statutory or common-law exceptions. *See, e.g.,* TEX. LAB. CODE §§ 401.011(18), 401.012(a), 406.002–.003, 406.031(a); *Wingfoot,* 111 S.W.3d at 145; *DEL Indus.,* 35 S.W.3d at 596. There is no evidence that any exception to the rule against splitting workforces applies here: (1) Port Elevator operated only one business; (2) Casados was not an officer of Port Elevator; and (3) Casados was a temporary employee, not a leased employee. Because Port Elevator was Casados's employer, it was a workers' compensation subscriber, and Casados's injury was work-related, Port Elevator conclusively proved its exclusive-remedy defense.

## III.

Casados's parents would have us adopt an additional, intent-based exception to the rule against splitting workforces. Specifically, Casados's parents claim that Port Elevator intended to and did exclude Casados from coverage under its workers' compensation policy because: (1) Port Elevator did not pay premiums for temporary workers like Casados; (2) Casados was a temporary employee whose job classifica-tion was not listed in Port Elevator's policy; and (3) Texas Mutual denied coverage. We disagree that an employer can contract around the rule against split workforces or that the above three factors mean that Casados was not covered by Port Elevator's policy.

The exception that Casados's parents urge us to adopt would undermine the very purpose of our long-standing rule that an employer may not (intentionally or unintentionally) split its workforce. An employer may not choose to exclude certain employees from coverage unless a statutory or common-law exception to the rule against split workforces applies. A key purpose of the rule against split workforces is that employees know whether they have the protections of workers' compensation coverage.[4] Allowing employers to select which employees to cover would not only violate our long-standing rule against split workforces but would also be in tension with our decision to liberally construe the TWCA to find coverage for employees. *Navarette,* 706 S.W.2d at 309–10. We see no compelling reason to so significantly alter the rule against split workforces by adopting Casados's parents' position.

■ Casados's parents' three specific assertions are also unavailing. Their first assertion is that Casados was not covered because Port Elevator excluded him by failing to pay premiums for temporary workers. This assertion fails for two reasons. First, premiums are an issue between the employer and the insurer; they do not affect the employee's coverage.

---

4. *See Wingfoot,* 111 S.W.3d at 143 (noting need for clarity in dual-employment situations of who the employers are and whether the employee is covered). The TWCA requires employers to notify their employees of coverage by posting a general notice. TEX. LAB. CODE § 406.005(c) ("Each employer shall post a notice of whether the employer has workers' compensation insurance coverage at conspicuous locations at the employer's place of business as necessary to provide reasonable notice to the employees."). If employers could pick and choose which employees to cover, such provisions would be meaningless.

*Tex. Emp'rs' Ins. Ass'n v. Stanton,* 140 S.W.2d 337, 339–40 (Tex.Civ.App.-Amarillo 1940, writ. ref'd) ("[T]he failure to pay the premiums which may be due upon a policy is a matter of no importance as between the insurer and the employee but only concerns the insurer and the employer."). If Port Elevator's policy had set out certain premiums solely for temporary workers and Port Elevator had not paid those premiums, Casados would still have been covered under the policy and the failure to pay premiums would be an issue between Port Elevator and Texas Mutual. *See Coal Operators Cas. Co. v. Richardson,* 414 S.W.2d 735, 738 (Tex.Civ.App.-Beaumont 1967, writ ref'd n.r.e.) ("This [workers' compensation] protection to plaintiff was not lost because his employer failed to pay the proper premium to the insurance company."). Second, even a clear and unambiguous attempt to exclude Casados from coverage would violate the rule against splitting workforces. *See supra* Part II.

■ Casados's parents' second assertion is that Casados was not covered by any job classification in Port Elevator's workers' compensation policy. As addressed in Part II, the rule against split workforces requires that all employees be covered— absent a limited statutory or common-law exception. Because no exception applies, it does not matter whether Casados was covered by a code classification.

■ Third, Casados's parents assert that Texas Mutual's denial of coverage means that Casados was not covered. Casados was covered by Staff Force's policy with Dallas Fire as well as Port Elevator's policy with Texas Mutual. Casados had the right to pursue workers' compensation benefits from Dallas Fire, Texas Mutual, or both. *See Wingfoot,* 111 S.W.3d at 143 (stating that the "employee should be able to pursue workers' compensation benefits

from either" the temporary staffing company's carrier or the client company's carrier); *see also* Tex. Lab.Code § 410.033 (prescribing procedure for two or more carriers liable for compensation). Therefore, Casados's parents are only entitled to the recover workers' compensation benefits and the exclusive-remedy provision in the TWCA bars their negligence claim against Port Elevator. Tex. Lab.Code § 408.001(a).

In conclusion, because Port Elevator subscribed to workers' compensation insurance, Casados was an employee of Port Elevator, and he suffered a work-related injury, the TWCA-provided remedy against Texas Mutual was the exclusive remedy for his injury. Casados's parents' negligence claim against Port Elevator is barred. Accordingly, we reverse the judgment of the court of appeals and render judgment for Port Elevator.

