

IN THE
TENTH COURT OF APPEALS

No. 10-14-00132-CV

TRACTOR SUPPLY CO. OF TEXAS, L.P.,

Appellant

v.

KENNETH EDD MCGOWAN,

Appellee

From the 170th District Court
McLennan County, Texas
Trial Court No. 2012-2652-4

MEMORANDUM OPINION

Kenneth Edd McGowan brought a personal injury suit against Tractor Supply

Company, Tractor Supply Company of Texas, L.P., and Dwight Bledsoe. The parties filed

cross-motions for summary judgment on an affirmative defense. The trial court granted

McGowan's motion, and denied the defendants' motion. This Court declined to accept

jurisdiction on the interlocutory appeal on the affirmative defense. Prior to trial,

McGowan settled with Tractor Supply Company. After a trial, the jury found Tractor

Supply 100 percent negligent, and Bledsoe not negligent. The trial court entered

judgment ordering Tractor Supply Company of Texas, L.P. to pay McGowan $8,767,375.81 in damages. We reverse and render.

## Background Facts

Job Link Personnel Services, Inc., is a temporary staffing company in Waco, Texas. Tractor Supply Company of Texas, L.P. [1] operates a distribution center in Waco, and is a client of Job Link. Job Link assigned McGowan to work in the Tractor Supply distribution center. Tractor Supply employees trained, supervised, and instructed McGowan in his job duties at Tractor Supply.

On May 21, 2012, McGowan was working as a "picker" at the Tractor Supply distribution center. Dwight Bledsoe, an employee of Tractor Supply, was loading a pallet onto a high, gravity-flow rack, and he pushed another pallet loaded with a thousand pounds of dog food off of the rack. The pallet landed on McGowan causing severe injuries.

## Exclusive Remedy Defense

In the first issue, Tractor Supply argues that the trial court erred when it deprived Tractor Supply of the exclusive remedy defense of the Texas Workers' Compensation Act that bars McGowan's recovery as a matter of law. The Texas Workers' Compensation Act provides that, "Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death

---

[1] We will refer to Tractor Supply Company of Texas, L.P. as Tractor Supply throughout the remainder of this opinion.

of or a work-related injury sustained by the employee." TEX. LAB. CODE ANN. § 408.001 (a) (West 2015). Therefore, recovery of workers' compensation benefits would be McGowan's exclusive remedy if Tractor Supply can show that it is McGowan's employer and that it is covered by workers' compensation insurance. *See Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 475 (Tex.2005). Tractor Supply argues that at the time of the injury McGowan was a Tractor Supply temporary employee and that Tractor Supply had workers' compensation coverage with respect to temporary employees assigned by Job Link.

An employee may have more than one employer within the meaning of the Texas Workers' Compensation Act, and each employer who subscribes to workers' compensation insurance may raise the exclusive-remedy provision as a bar to claims about the injury. *Port Elevator-Brownsville v. Casados*, 358 S.W.3d 238, 242 (Tex. 2012); *Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 475-76 (Tex.2005) (stating that client company could assert exclusive-remedy defense to claims by a temporary employee if it was covered by workers' compensation insurance). An employee of a temporary employment agency who is "injured while working under the direct supervision of a client company is conducting the business of both the general employer [the temporary employment agency] and that employer's client." *Garza v. Exel Logistics, Inc.*, 161 S.W.3d at 475 (quoting *Wingfoot Enterprises v. Alvarado*, 111 S.W.3d 134, 143 (Tex. 2003). In determining if a general employee of a temporary employment agency is also an employee of a client company for purposes of the Workers' Compensation Act, we consider traditional

indicia, such as the exercise of actual control over the details of the work that gave rise to the injury. *Garza v. Exel Logistics, Inc.*, 161 S.W.3d at 477.

The Workers' Compensation Act states that "an 'employee' means each person in the service of another under a contract of hire, whether express or implied, or oral or written." TEX. LAB. CODE ANN. § 401.012 (a) (West 2015). In *Garza,* the Court noted that the undisputed evidence establishes that at the time of the injury, the temporary employee was working on the client company's premises, in the furtherance of the client company's day-to-day business, and the details of his work that caused his injury were specifically directed by the client company. The Court found that for workers' compensation purposes, the employee was an employee of the client company within the meaning of Section 401.012 (a). *Garza v. Exel Logistics, Inc.*, 161 S.W.3d at 477.

As in *Garza*, the record shows that at the time of his injury, McGowan was working on Tractor Supply's premises, in furtherance of Tractor Supply's day-to-day business, and the details of his work that caused his injury were specifically directed by Tractor Supply. The record shows that McGowan worked at all times under the supervision of Tractor Supply employees. McGowan was trained by Tractor Supply employees and given his daily assignments by Tractor Supply employees. As in Garza, the evidence shows that for worker's compensation purposes, McGowan was an employee of Tractor Supply within the meaning of Section 401.012 (a). *See Garza v. Exel Logistics, Inc.*, 161 S.W.3d at 477. We turn to whether Tractor Supply was covered by a workers' compensation insurance policy.

Tractor Supply is a "non-subscriber" to Texas workers' compensation insurance for its permanent, full-time employees. Tractor Supply provides an accident and injury occupational benefits plan for its permanent, full-time employees. Tractor Supply argues that it is covered by the workers' compensation policy obtained by Job Link for its temporary employees.

In *Garza*, the client company's contract with the temporary employment agency included a "markup" that was paid to the employment agency to purchase worker's compensation insurance. *Garza v. Exel Logistics, Inc.*, 161 S.W.3d at 478. The temporary employment agency did purchase workers' compensation insurance; however, the Court found that the evidence did not indicate that coverage was extended to the client company. *Id.* The Court stated that the Worker's Compensation Act does not permit a temporary employment agency to obtain coverage for a client simply by obtaining coverage for itself. *Id.* There must be explicit coverage for the client company. *Id.*

The agreement between Tractor Supply and Job Link provided that Tractor Supply would pay a "markup" of 29.50 percent to include payroll taxes, general liability, workers' compensation insurance, drug screens, employment eligibility, and criminal background checks. The agreement indicated a workers' compensation code of "8107" for Tractor Supply.

Job Link maintained a workers' compensation policy issued by Texas Mutual. The policy included an Alternate Employer Endorsement. The Alternate Employer Endorsement provides:

This endorsement applies only with respect to injury to your employees while in the course of special or temporary employment by the alternate employer in the state named in the Schedule. Part One (Workers Compensation insurance) and Part Two (Employers Liability Insurance) will apply as though the alternate employer is insured.

The Alternate Employer Endorsement lists the alternate employer as "Blanket" and the address as "Various Locations in Texas Only".

The record shows that Job Link submitted a "Temp Employee Data Worksheet for Temp Services" to the Texas Mutual Underwriting Department. The document listed the client companies of temporary service for Job Link and the zip codes for those companies. That list of client companies provided to Texas Mutual states that there would be 40 employees at Tractor Supply and gives the description of operations as "warehouse order pickers". The "8107" classification code for workers' compensation insurance referenced in the agreement between Tractor Supply and Job Link is included in the workers' compensation policy issued by Texas Mutual. The "8107" classification code refers to "forklift sales, service and repair & drivers".

The Court in *Garza* held that there must be explicit coverage for the client company. *Garza v. Exel Logistics, Inc.*, 161 S.W.3d at 478. In *Garza*, the agreement between the client company and the temporary employment agency provided that the client company would be named as an additional insured in only the categories of "Commercial General Liability", "Automobile Liability", and "Commercial Blanket Bond". *Garza v. Exel Logistics, Inc.*, 161 S.W.3d at 481. The agreement excluded workers' compensation as a category in which the client company was to be named as an additional insured. The Court found that the client company did not show it was "covered by workers'

compensation insurance coverage" for a "work-related injury sustained by the employee." *Id*.

Unlike *Garza*, the record before us shows that the workers' compensation insurance policy obtained by Job Link includes an Alternate Employer Endorsement. The Alternate Employer Endorsement specifically provides coverage for bodily injury in the course of special or temporary employment by the alternate employer. Although Tractor Supply is not named in the policy as an alternate employer, the policy refers to the alternate employer as "blanket" and Job Link provided Texas Mutual with a list of client companies and their respective job descriptions. The agreement between Tractor Supply and Job Link is distinguishable from that in *Garza* where the Court found that two employers cannot agree that one workers' compensation policy will name only one employer but cover both. *Garza v. Exel Logistics, Inc.*, 161 S.W.3d at 479. We find that Tractor Supply established that it is covered by workers' compensation insurance coverage for the injury sustained by McGowan.

Tractor Supply was entitled to the exclusive remedy defense set out in Tᴇx. Lᴀʙ. Cᴏᴅᴇ Aɴɴ. § 408.001 (a) (West 2015). Section 408.001 (a) bars McGowan's recovery from Tractor Supply. We sustain the first issue. Because of our disposition of the first issue, we need not address the second and third issues. Tᴇx.R.Aᴘᴘ.P. 47.1.

## Conclusion

Having sustained Tractor Supply's first issue on appeal, we reverse the trial court's judgment and render judgment that Kenneth Edd McGowan take nothing by this suit. Tᴇx.R.Aᴘᴘ.P. 43.3.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Reversed and rendered
Opinion delivered and filed April 28, 2016
[CV06]

