**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed May 9, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00161-CV

### IN RE TAH INVESTMENTS, LLC, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-34739**

---

## MEMORANDUM OPINION

On February 26, 2019, relator TAH Investments, LLC ("TAH") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. The real party-in-interest and plaintiff below is M.M. ("Plaintiff"). In the petition, TAH asks this court to compel the Honorable Cory Sepolio, presiding judge of the 269th District Court of Harris County, to vacate his order denying TAH's motion for reconsideration of a December 21, 2018 order

striking TAH's affirmative defense that Plaintiff cannot recover because of the exclusive remedy provision of the workers' compensation laws and the borrowed-servant doctrine ("TAH's workers' compensation defense").

We conclude that relator is entitled to the requested relief.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying suit arises out of Plaintiff's allegation that she was sexually assaulted by an intruder while working the night shift at a hotel owned by TAH. TAH alleges that Plaintiff was hired by TAH and Emergent HR, Inc. ("Emergent") and that Emergent is a staffing company that TAH contracted with for Plaintiff's services.

Plaintiff filed the underlying suit against TAH, alleging, among other things, that TAH was negligent for failing to provide adequate security measures at the hotel. Plaintiff, pursuant to Texas Rule of Civil Procedure 194, requested TAH to disclose the information and material described in Rule 194.2, which includes any insurance agreements. *See* Tex. R. Civ. P. 194.2. Plaintiff also sent TAH requests for production that sought, among other things, disclosure of any applicable workers' compensation policies:

- Request for Production No. 2 sought: "True and correct copies of any and all worker's compensation policies that [TAH] had in force and effect as of October 29, 2016."

  On October 13, 2017, Defendant responded: "None."

- Request for Production No. 14 sought: "A true and correct copy of the Employer's First Report of Injury filed with the Texas Workers Compensation Commission."

2

On October 13, 2017, Defendant initially responded: "None."

According to the affidavit of TAH's counsel, he believed these responses were correct when made, but after further legal and factual investigation, he discovered in early August 2018 that sexual assault is compensable under the Texas Workers' Compensation Act and that Emergent's affiliate, USA Staffing, LLC, carried a workers' compensation policy.

On August 14, 2018, TAH amended its four-page answer to plead the exclusive-remedy provision of the workers' compensation laws as an affirmative defense. Also on August 14, 2018, TAH, via e-mail, served Plaintiff with its Supplemental Response to Plaintiff's Requests for Disclosure, which stated, "See attached insurance policy and endorsement." The workers' compensation policy on which TAH's defense is predicated was attached to the e-mail and was identified in the e-mail as "Insurance Policy." Accordingly, TAH disclosed its workers' compensation defense in its answer before the August 17, 2018 deadline for amending pleadings and produced the workers' compensation policy before the October 19, 2018 deadline for the completion of discovery stated in the docket-control order.

According to the affidavit of TAH's counsel, although he knew that USA Staffing, LLC had a workers' compensation policy, he still did not know whether this policy was sufficient to invoke the exclusive-remedy provision of the workers' compensation laws. So, on September 11, 2018, TAH retained a workers' compensation attorney as an expert to help investigate the viability of its workers' compensation defense, but TAH did not designate him as expert witness.

Meanwhile, a November 5, 2018 trial setting was approaching, and the parties had not completed expert discovery. On September 12, 2018, TAH filed an opposed motion for a continuance. TAH did not raise its workers' compensation defense in its motion for continuance, but claims that was unnecessary because TAH had already amended its answer to plead its workers' compensation defense. On September 30, 2018, the trial court granted the motion for a continuance and reset the trial to January 7, 2019.

According to the affidavit of TAH's counsel, on October 3, 2018, while conducting research on its workers' compensation defense, TAH's counsel found the Texas Supreme Court's decision in *Port Elevator-Brownsville, LLC v. Casados*, 358 S.W.3d 238, 242 (Tex. 2012), in which the supreme court held that "a client company can avail itself of the exclusive remedy provision against claims by a temporary employee if . . . the client company was a named insured on the staffing company's policy." The affidavit further stated that this caused TAH's counsel to take a closer look at USA Staffing, LLC's workers' compensation policy, which led him to discover that, buried among 309 additional insureds listed in small text and in no particular order, was TAH; TAH's counsel then concluded that TAH had a viable workers' compensation defense and began gathering the affidavits and documents he needed to support a motion for summary judgment.

On November 2, 7, and 12, Plaintiff's counsel, still seemingly unaware of the worker's compensation policy, incurred the expense of taking three expert depositions. On November 13, TAH filed a motion for summary judgment, with the workers' compensation policy attached, arguing that Plaintiff's claims were barred by the exclusive-remedy provision of the workers' compensation laws.

4

On December 3, 2018, Plaintiff filed a motion for sanctions asking the trial court to strike TAH's workers' compensation defense and to award monetary sanctions for "discovery abuse." Plaintiff incorrectly stated in the motion that: "Defendant never, at any time before it filed its Motion for Summary Judgment, produced a workers' compensation policy." But in a reply filed on December 6, 2018, Plaintiff's counsel admitted that TAH attached the workers' compensation policy to an e-mail sent on August 14, 2018, but Plaintiff's counsel stated that when he saw the attachment he assumed that TAH was referring to the CGL policy which had already been produced and therefore did not open it. Plaintiff also pointed out that TAH had not amended its responses to the request for disclosure and the requests for documents to disclose TAH workers' compensation defense and the supporting workers' compensation policy.

On December 11, 2018, in response to the motion for sanctions, TAH amended its response to Plaintiff's Request for Disclosures to disclose its workers' compensation defense, amended its response to Plaintiff's Requests for Production Nos. 2 and 3 to state that it had produced the insurance policy on April 14, 2018, and amended its response to Request for Production No. 14 to state that a first report of injury filed with the Texas Workers Compensation Commission[1] was attached. TAH made these amendments before the December 21, 2018 deadline for the completion of discovery stated in the modified docket-control order.

On December 21, 2018, The Honorable Dan Hinde, the then-presiding judge of the court below, signed a sanctions order (1) striking TAH's workers'

---

[1] Now known as the Department of Insurance, Division of Workers' Compensation.

compensation defense and (2) prohibiting TAH from alleging any theory or offering any evidence related to the exclusive-remedy provision of the workers' compensation laws or the borrowed-servant doctrine at trial. The order does not identify the conduct for which TAH was sanctioned or state any reasons for the ruling.

On January 1, 2019, The Honorable Cory Sepolio, succeeded Judge Hinde as the presiding judge. Because mandamus will not issue against a new judge for the acts of a former judge, TAH filed a motion for reconsideration of the sanctions order, arguing that the order did not meet several of the standards for death-penalty sanctions established by the Texas Supreme Court in *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex. 1991) (orig. proceeding). After an oral hearing on February 15, 2019, Judge Sepolio signed an order denying the motion for reconsideration.

## MANDAMUS STANDARD

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court's ruling on a motion for sanctions is reviewed under an abuse-of-discretion standard. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). The test for an abuse of discretion is whether the court acted without reference to any guiding rules and principles. *Id*. A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382

6

(Tex. 2005) (orig. proceeding) (per curiam). "Under an abuse of discretion standard, we defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo." *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

## ANALYSIS

### A. *TransAmerican* Standards Apply to the Sanctions Order

In *TransAmerican*, the supreme court held, among other things, "[d]iscovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit" and "[s]anctions which are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules." 811 S.W.2d at 918.

Both our court and the First Court of Appeals have recognized that striking or prohibiting proof of an affirmative defense is a death-penalty sanction that must meet *TransAmerican* standards. *See In re RH White Oak, LLC*, 442 S.W.3d 493, 501 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding) (concluding that order stating that relators shall not introduce evidence supporting various affirmative defenses is order that imposes death-penalty sanctions because it adjudicates many of relators' defenses and precludes presentation of merits of their case); *In re Noble Drilling (Jim Thompson), LLC*, 449 S.W.3d 625, 631 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (concluding that order striking defendant's affirmative defenses—that hole into which plaintiff stepped was "open and obvious" and "contributory negligence"—was

7

death-penalty sanction). "A death penalty sanction is any sanction that adjudicates a claim or defense and precludes the presentation of the merits of a case." *In re Nueces Hosp. GP, LLC*, No. 13-17-00453-CV, 2017 WL 5474514, at *4 (Tex. App.—Corpus Christi Nov. 14, 2017, orig. proceeding) (mem. op.) (citing our decision in *In re RH White Oak, LLC* and concluding that *TransAmerican* standards applied to trial court's order, which precluded relators from presenting any affirmative defenses). Plaintiff cites no contrary authority.

The December 21, 2018 sanctions order adjudicates and precludes TAH's workers' compensation defense and, therefore, imposes death-penalty sanctions. Specifically, the order:

- strikes paragraph VIII of TAH's Supplemental Answer, which pleaded the workers' compensation defense,
- prohibits TAH from amending or supplementing its pleadings without leave of court,
- prohibits TAH from alleging any defense or inferential rebuttal related to the workers' compensation laws,
- prohibits TAH from asserting the workers' compensation laws or the borrowed servant doctrine at trial, and
- prohibits TAH from offering or eliciting testimony at trial to support, its workers compensation defense or the borrowed servant doctrine.

Accordingly, the *TransAmerican* standards apply to our review of the sanctions order. A trial court's failure to meet *TransAmerican* standards constitutes an abuse of discretion. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992).

8

## B. Abuse of Discretion

The sanctions order does not meet at least one important *TransAmerican* standard. Namely, "[d]iscovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit." *TransAmerican*, 811 S.W.2d at 918. "[T]he court may not use death penalty sanctions to deny a litigant a decision on the merits of the case unless the court finds that the sanctioned party's conduct 'justifies a presumption that its claims or defenses lack merit.'" *Hamill v. Level*, 917 S.W.2d 15, 16 (Tex. 1996) (quoting *TransAmerican*, 811 S.W.2d at 918).

The failure to meet this standard requires reversal of the sanctions order. In *Hamill*, the supreme court reversed a death-penalty sanction because "the sanctioned conduct [Hamill's untimely discovery response and failure to pay $200 in attorney's fees] does not justify the presumption that Hamill's claims are meritless." *Id*. In *Chrysler Corp*, the supreme court stated, "*most significantly*, death penalty sanctions should not be used to deny a trial on the merits unless the court finds that the sanctioned party's conduct 'justifies a presumption that its claims or defenses lack merit.'" 841 S.W.2d at 850 (emphasis added). The supreme court applied this standard to reverse a death-penalty sanction because, among other things, there was no evidence that Chrysler's discovery abuse (its failure to disclose all similar lawsuits) would justify the presumption that Chrysler's defense—that plaintiff's death was caused by a drunk driver—lacked merit; in fact, the record conclusively refuted any such presumption. *Id*. at 850, n.12. In *Khan v. Valliani*, our court reversed a death-penalty sanction because "Khan's failure to pay $400 in attorney's fees reveals nothing about the truth or merit of her claims." 439 S.W.3d 528, 535

9

(Tex. App.—Houston [14th Dist.] 2014, no pet.). By contrast, in *Cire*, the supreme court held that death-penalty sanctions were warranted for Cummings's destruction of audiotapes after being ordered to produce them because her destruction justified a presumption that the audiotapes would have disproved her claims. 134 S.W.3d at 841.

The record does not support any such presumption of a lack of merit in this case. TAH's conduct was as follows. On August 14, 2018, TAH amended its four-page answer to plead the exclusive-remedy provision of the workers' compensation laws as an affirmative defense and (2) produced the workers' compensation policy on which TAH's defense is predicated as an attachment to an e-mail. Plaintiff's counsel, however, did not open and read the policy because he assumed that it was a CGL policy that had previously been produced. TAH obtained a continuance of the trial, without any further disclosure of its workers' compensation defense. Plaintiff's counsel then incurred significant expenses in taking three expert depositions. TAH did not move for summary judgment on its workers' compensation defense until November 13, 2018 (less than two months before trial). And TAH delayed until December 11, 2018 before amending its response to Plaintiff's Request for Disclosures to disclose its workers' compensation defense, amending its response to Plaintiff's Requests for Production Nos. 2 and 3 to state that it had produced the policy on April 14, 2018, and amending its response to Requests for Production No. 14 to state that a first report of injury filed with the Texas Workers Compensation Commission was attached.[2] In her motion for sanctions, Plaintiff

---

[2] TAH pointed out in its motion to reconsider that Texas Rule of Civil Procedure 193.5(a) provides: "If a party learns that the party's response to written discovery was incomplete or incorrect when made, . . . the party must amend or supplement the response . . . *unless the additional or corrective information has*

10

argued that TAH should be sanctioned because "If the Defendant has a workers['] compensation policy now, then it had one when it answered the Plaintiff's Request for Production on October 13, 2017. If the Defendant had truthfully answered the Request, which it was required to do, Plaintiff's counsel would never have incurred the $49,965.99 in out of pocket expenses that he has since incurred in developing this case and preparing it for trial before getting a resolution on the workers compensation issue." Based on the motion for sanctions, it appears that TAH was sanctioned because TAH delayed until December 11, 2018 before amending its discovery responses to more fully disclose its workers' compensation defense and such delay allegedly caused Plaintiff's counsel to incur $49,965.99 of expenses.[3]

TAH's delay in amending all of its discovery responses to more fully disclose its workers' compensation defense and the other conduct by TAH of which Plaintiff complains do not justify any presumption that its defense lacks merit. This is evident from Plaintiff's admissions in filings below and in this court that this defense has merit. Plaintiff states in a reply filed with the trial court that the workers' compensation defense is a "game ender" and states in her response to the petition for writ of mandamus that this lawsuit would have ended if TAH had disclosed the existence of the workers' compensation policy. Accordingly, Judge Sepolio clearly

---

*been made known to the other parties in writing . . . or through other discovery responses.*" Tex. R. Civ. P. 193.5 (emphasis added). TAH argued that it had no duty to amend these discovery responses because TAH had made known its workers' compensation defense and the workers' compensation policy when it amended its answer and produced the policy on August 14, 2018. *See Liberty Mut. Ins. Co. v. Sims*, No. 12-14-00123-CV, 2015 WL 7770166, at *5 (Tex. App.—Tyler Dec. 3, 2015, pet. denied) (mem. op.) (defendant was "excused from supplementing its response to the request for admission" because defendant had made corrective information known to plaintiff in other discovery responses).

[3] Neither Judge Hinde's sanctions order nor Judge Sepolio's order denying TAH's motion for reconsideration identifies the conduct for which TAH was sanctioned.

abused his discretion by denying TAH's motion to reconsider a sanctions order that adjudicated an affirmative defense that Plaintiff admits has merit. *See TransAmerican*, 811 S.W.2d at 918; *Hamill*, 917 S.W.2d at 16 (untimely discovery response did not justify presumption that Hamill's claims are meritless).[4]

Whenever a trial court imposes sanctions that have the effect of adjudicating a dispute, but which do not result in an appealable judgment, then the eventual remedy by appeal is inadequate. *See TransAmerican,* 811 S.W.2d at 919–20; *In re RH White Oak, LLC*, 442 S.W.3d at 503. TAH has no adequate remedy by appeal for Judge Sepolio's order because the sanctions, which adjudicated its affirmative defense, did not result in an appealable judgment.

## CONCLUSION

For these reasons, we grant the requested mandamus relief and direct Judge Sepolio to vacate the December 21, 2018 order that strikes and precludes TAH from asserting and proving its workers' compensation defense.[5]

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Spain.

---

[4] In its petition, TAH argues that the sanctions order does not meet *TransAmerican* standards for seven additional reasons. Because we have concluded TAH's first argument has merit, it is unnecessary for us to reach these arguments.

[5] Only in the rare event that a relator fails to comply would we order the clerk of this court to issue a writ of mandamus.