# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00587-CV

### Sarah Kennedy, Appellant

### v.

### Wal-Mart Stores Texas, LLC, Appellee

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-002531, THE HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment rendered by the district court of Travis County in a premises-liability suit. Sarah Kennedy is appellant and Wal-Mart Stores Texas, LLC is appellee. We will affirm the summary judgment.

## Background

In December 2015, Kennedy stopped at the Manor Wal-Mart to make a purchase. As she was checking out, the checker put a bottle of wine that Kennedy was buying on its side on the carousel in a bag that the checker unhooked from the carousel. When Kennedy spun the carousel counterclockwise toward herself, the bottle rolled off the carousel and fell on her right foot.

Kennedy filed suit claiming that the bottle was bagged in such a way so as to constitute an unreasonably dangerous condition and that Wal-Mart's failure to use reasonable care to warn her was the proximate cause of her injury. She sought actual and punitive damages.

Wal-Mart filed a traditional motion for summary judgment asserting that it had no duty to warn Kennedy of a condition of which she had actual knowledge in that she had seen the checker place the bottle in the bag on its side on the carousel before Kennedy chose to spin the carousel. Wal-Mart also asserted that Kennedy could not establish that the bottle of wine constituted an unreasonably dangerous condition. Wal-Mart supported its motion for summary judgment with the depositions of Kennedy and a Wal-Mart employee.

In response to the summary-judgment motion, Kennedy asserted that she "had no knowledge or appreciation of the unreasonably dangerous condition which caused her harm. Specifically, while it is true that she saw the bottle and bag being unhooked, she had no idea that the bottle would fall, the condition was dangerous, or would cause her injury." In support of the response, Kennedy filed, among other things, her affidavit, the pertinent parts of which are as follows:

> Prior to the bottle crashing on my foot, I was completely unaware of any danger relating to the bottle. I had no idea that the bottle was going to crash onto my foot when I rotated the carousel. I had no appreciation as to how dangerous a bottle that is laid on its side with an unhooked bag can be, and ultimately was in my case.

> When the bottle crashed on my foot, I was standing in the only area I could stand to retrieve my groceries. I was near the bagging carousel in front of the credit card machines. I did not have an option to stand elsewhere to pay and retrieve my groceries from the carousel. In my deposition, I testified that if I had spun the carousel clockwise perhaps the wine would not have fallen on my foot, but I realize that is a purely speculative scenario, and really have no idea what may have happened if the carousel was spun clockwise.

2

Wal-Mart filed a reply to Kennedy's response, objecting "to the entirety" of Kennedy's affidavit, complaining that it was conclusory and that, in addition, it was a "sham." Accordingly, Wal-Mart asked the district court to preclude the affidavit from its consideration of the motion for summary judgment. The record shows no disposition of Wal-Mart's objection. However, by rendering summary judgment for Wal-Mart, the court necessarily excluded the affidavit from its consideration. In this Court, Kennedy does not claim error by the court in disregarding the affidavit, thereby waiving any such complaint. *See Western Steel Co. v. Altenburg*, 206 S.W.3d 121, 124 (Tex. 2006) (absent fundamental error, appellate court should refrain from deciding cases on legal error not assigned by parties).

## Analysis

Kennedy argues on appeal that the bagged bottle of wine resting on the carousel in front of her, before she spun it, constituted an unreasonably dangerous condition that Wal-Mart was obliged to warn her of because it was a concealed or hidden danger. We disagree.

A landowner is not an insurer of a visitor's safety. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 769 (Tex. 2010). Rather, a landowner's duty to an invitee is to exercise reasonable care to make the premises safe. *Austin v. Kroger, L.P.*, 465 S.W.3d 193, 202 (Tex. 2015). The landowner can satisfy this duty by eliminating the dangerous condition or by mitigating the condition so that it is no longer unreasonably dangerous. *Id.* at 202. In most cases, the landowner can also satisfy its duty by providing an adequate warning of the danger. *Id.*

However, when an invitee is aware of dangerous premise conditions—whether because the condition is open and obvious or because the landowner has provided an adequate warning—the condition will, in most cases, no longer pose an unreasonable risk because the law presumes that the invitee will take reasonable measures to protect herself against known risks.

3

*Id.* at 203. Combined, these precepts inform the general rule regarding a landowner's duty to an invitee, which is "to make safe or warn against any concealed unreasonable dangerous condition of which the landowner is, or reasonably should be, aware but the invitee is not." *Id.* at 203. A dangerous condition that an invitee should be reasonably aware of is one that is open and obvious. Defects that are open and obvious or otherwise known to an invitee are outside the landowner's general duty to warn of. *Id.* at 203.

We have concluded that because the danger that Kennedy claims to have existed was not hidden or concealed, Wal-Mart had no duty to warn. Kennedy's deposition testimony shows that (1) she saw the checker place the wine bottle in the plastic bag; (2) she saw the checker unhook the plastic bag from the metal stays; (3) she saw and was fully aware that the checker next put the bagged bottle on its side on the carousel; and (4) she reached out and spun the carousel towards her, knowing full well where the bottle was on the carousel. Thus, her deposition testimony established that she was aware of the location of the bagged bottle of wine, lying horizontally and untethered on the carousel. Further, her deposition testimony was that if she had turned the carousel differently, or not at all, the wine bottle would not have fallen on her foot.

Kennedy argues, alternatively, that her case falls within the "necessary use" exception explained in *Austin v. Kroger*, 465 S.W.3d at 208. That exception recognizes a landowner's duty to make its premises safe when, despite an awareness of the risk, it is necessary that the invitee use the dangerous premises and the landowner should have anticipated that the invitee is unable to take measures to avoid the risk. In other words, the exception applies when (1) it is necessary that the invitee use the premises; and (2) the landowner should have anticipated that the invitee would be unable to take measures to avoid the risk. Kennedy claims

4

that her case comes within the "necessary use" exception because she was standing in the only place she could have been to have retrieved her groceries from the carousel.

Wal-Mart asserts, to the contrary, that there were other ways that she could have retrieved the bottle of wine, besides the one she chose. Most importantly, Wal-Mart points to Kennedy's deposition testimony that if she had spun the carousel clockwise, rather than counterclockwise, the bottle would not have fallen on her foot. She also agreed on deposition that the bottle would not have fallen on her foot if she had chosen not to spin the carousel. As well, she could have simply asked the checker to hand her the bottle. As there was more than one way for Kennedy to retrieve the bottle of wine, which would have allowed her to avoid it falling on her foot, the "necessary use" exception does not apply.

By her final issue, Kennedy asserts that "unreasonably dangerous" is a fact question and that she "presented ample evidence of same." She presented neither argument nor authority for her contention. *See* Tex. R. App. P. 38.1(i). As the issue is not supported by argument or authority, it is waived. *Gunn v. McCoy*, 554 S.W.3d 645, 677 (Tex. 2018) ("Every issue presented by a party must be supported by argument and authorities in the party's brief on the merits, or it is waived.").

The summary judgment is affirmed.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed: April 23, 2020

5