

COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

| | | |
|---|---|---|
| MOUNTAIN VIEW HEALTH & REHABILITATION CENTER, INC., CREATIVE SOLUTIONS IN HEALTHCARE, INC., and LIDIA MOYA, | § | No. 08-23-00033-CV |
| | | Appeal from the |
| | § | 210th Judicial District Court |
| Appellants, | | of El Paso County, Texas |
| | § | (TC# 2022DCV1585) |
| v. | | |
| | § | |
| MARY HORTON KEELE, | | |
| Appellee. | § | |

**CONCURRING OPINION**

I join Justice Soto's well-reasoned decision.[1] I write only to add these observations. This should have been an easy case, yet the presentation of the issue below made it anything but. No doubt, Mary Horton Keele agreed to arbitrate any employment related disputes with her employer. Any fair reading of the agreement she signed says so. But who is the employer? The motion to dismiss and compel arbitration attaches only the three-page agreement, and a one-page

---

[1] A panel member who joined Justice Soto's original opinion was no longer with the Court when the Motion for Rehearing was decided. That left one vote to deny (with the reissued opinion) and one vote to grant. Pursuant to Tex. R. App. P. 49.3, I assigned myself to the panel to add the needed third vote.

acknowledgment. And as evident, those documents only identify the employer by the generic term "facility." One might think that the movants for the motion to compel arbitration would then connect the dots with some evidence that they are the employer facility. That would have of course made the case clear-cut, and it likely would have never reached our doorstep. The failure to connect those dots detoured the parties for over a year from reaching the merits of this dispute.

But I agree that the record shows that both Mountain View and Creative Solutions are the employer by virtue of Mary Horton Keels' filings. As for Mountain View, the Plaintiff's Original Petition's in unambiguous terms asserts Mountain View is the employer:

### VII. DEFENDANT MOUNTAIN VIEW REHABILITATION CENTER, INC.'S DUTY

Under Texas law, Defendant had a non-delegable duty to provide a safe workplace to its employees. (See Tex. Lab. Code §411.103). Defendant failed to ensure a safe workplace for Plaintiff. Defendant failed to become a subscriber under the Worker's Compensation Act of this State code.

And Mary Lou Keels' affidavit, filed in opposition to the motion to dismiss, states her belief that she worked for Creative Solutions.[2] She attached routine post-injury claim correspondence that lists the "employer" as "Creative Solutions in Healthcare Mountain View Health & Rehab". In Texas, a party can work for more than one employer at the same time. *W. Steel Co. v. Altenburg*, 206 S.W.3d 121, 123 (Tex. 2006) (so stating for the purposes of the exclusive remedy provision of the worker's compensation act). Thus, I agree that the record before us establishes that Mountain View and Creative Solutions are the "facility" that Mary Lou Keele agreed to arbitrate with. The petition identified Lidi Moya as a director of Mountain View, and the arbitration agreement extends to directors of the facility.

---

[2] The same affidavit also states: "I was an employee for who I believed to be Creative Solutions In Healthcare but known as Mountain View Health & Rehabilitation Center, Inc. from September 13, 2018, to November 17, 2020."

Here is my frustration. A party's right to have disputes heard by a jury of their peers is a valuable right. Our highest court describes it as "a substantive liberty guarantee of fundamental importance[.]" *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 144 n.19 (Tex. 1994). It is enshrined in the Texas Constitution. Tex. Const. art. I, § 15, art. V, § 10. Moreover, it is part of our heritage as a country. *White v. White*, 196 S.W. 508, 512 (1917) (stating that the right to jury trials that holds "a sacred place in English and American history."); *see also Matter of Troy S. Poe Tr.*, 646 S.W.3d 771, 781 (Tex. 2022) (Busby, J., concurring).

But also of importance, people should be bound by the contracts that they sign. *Philadelphia Indem. Ins. Co. v. White*, 490 S.W.3d 468, 471 (Tex. 2016) ("Texas's strong public policy favoring freedom of contract is firmly embedded in our jurisprudence. Absent compelling reasons, courts must respect and enforce the terms of a contract the parties have freely and voluntarily entered."). The FAA, when it applies, makes arbitration agreements effective so to waive the right to a jury (and the court system). Yet asking courts to waive a party's right to a trial by jury is a serious matter. It should not be the subject of pulling out a form motion and half-heartedly attaching a few unauthenticated documents and setting a hearing. Here, only by the narrowest of margins, and a few fortuitous twists and turns in the record does our path become clear. The lesson, however, is that advocates must approach the enforcement of an arbitration agreement with the seriousness that it deserves, given the importance of the rights at stake. That was not done here, but looking at the entire record, I am confident that Mary Lou Keele agreed to arbitrate her employment related disputes with these Appellants.


JEFF ALLEY, Chief Justice

June 17, 2024


Before Alley, C.J., Palafox and Soto, JJ.
Alley, C J., concurring
Palafox, J., dissenting and would grant Motion for Rehearing