In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00005-CV
_____

YVONNE TRAHAN, Appellant

V.

THE PREMCOR REFINING GROUP INC. D/B/A VALERO PORT
ARTHUR REFINERY, Appellee

On Appeal from the 58th District Court
Jefferson County, Texas
Trial Cause No. A-195,793-C

MEMORANDUM OPINION

Yvonne Trahan appeals the trial court's "Order Denying Plaintiff's Motion

Requesting Recusal," "Order Granting Defendant, The Premcor Refining Group Inc.

d/b/a Valero Port Arthur Refinery's Motion for Summary Judgment," and "Order

1

Denying Plaintiff's Motions for Summary Judgment."[1] In three issues, Trahan contends:

(1) the recusal judge erred in denying her motion to recuse;

(2) the trial court erred in granting summary judgment for Premcor and denying summary judgment for Trahan on Premcor's exclusive remedy defense because Premcor did not have workers' compensation insurance coverage at the time of the incident; and

(3) the trial court erred in granting summary judgment for Premcor and denying summary judgment for Trahan on Premcor's exclusive remedy defense because Trahan was not Premcor's employee.

## I. Background

Trahan sustained an on-the-job injury at Premcor's Port Arthur facility on September 27, 2013. Trahan worked at the refinery for thirty-five years before her injury. The refinery, and Trahan's employer, changed ownership during her tenure.

---

[1] The trial court signed an order severing the cause against Premcor Refining Group Inc. d/b/a Valero Port Arthur Refinery and denying the abatement of the cause against all other defendants. Prior to the order of severance, the trial court granted Premcor's traditional motion for summary judgment and denied Trahan's no-evidence and traditional motion for summary judgment. The severance order mandated the summary judgment was final and appealable. *See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001) (per curiam).

At the time of her injury, Trahan worked as a head operator, mainly assigned to boiler house 18.

The incident occurred when Trahan was catching samples at the sample station for a boiler.[2] Steam was released from a valve and sprayed Trahan when the metal spigot tubing allegedly bent upward. Trahan sustained severe burn injuries to her upper torso. Following the incident, Trahan was hospitalized and received treatment for her burns. Trahan received and accepted workers' compensation benefits and was still receiving them at the time of her deposition after the lawsuit was filed. Premcor investigated the incident, prepared a report, and recommended certain follow-up actions.

Because of the incident, Trahan sued several parties for negligence, including Premcor.[3] In her second amended petition, Plaintiff alleged that on the day of the incident, her employer was Valero Energy Corp. In its amended answer, Premcor raised the affirmative defense of exclusive remedy under the Texas Workers' Compensation Act. *See* Tex. Lab. Code Ann. § 408.001(a) (West 2015).

---

[2] As head operator, she did not catch samples as often as she used to but doing so was part of her job.

[3] Trahan added Premcor as a defendant in her second amended petition, the live pleading here.

On April 21, 2014, before Trahan sued Premcor, Premcor produced a copy of its investigation report to Trahan. That investigation report contained the name of the presiding trial judge's sister-in-law, who worked as an engineer for Premcor.

During a site inspection on or about November 3, 2015, Trahan allegedly discovered that the valve and spigot involved in the incident had not been preserved. On April 19, 2016, Trahan filed a motion seeking remedies for spoliation of evidence and named the trial judge's sister-in-law as someone with knowledge of the issue. The same day, but several hours later, Trahan moved to recuse the trial judge under Texas Rule of Civil Procedure 18b(b)(7)(c), alleging the trial judge had knowledge his sister-in-law was likely to be a material witness in the case. *See* Tex. R. Civ. P. 18b(b)(7)(c). A recusal judge conducted a hearing, then denied the motion to recuse.

Trahan also filed a combined no-evidence and traditional motion for summary judgment and later filed a supplemental motion for summary judgment. In her motion for summary judgment, Trahan argued Premcor could not establish it was entitled to the exclusive remedy defense under the Texas Workers' Compensation Act on two grounds—1) Premcor could not prove it was Trahan's employer at the time of the incident, and 2) Premcor could not show it had workers' compensation insurance coverage at the time of the incident. *See* Tex. Lab. Code Ann. § 408.001(a); Tex. R. Civ. P. 166a(c), 166a(i). While Trahan's motion was pending,

Premcor filed a competing traditional motion for summary judgment on its workers' compensation exclusive remedy defense. Each party responded to the other party's motion for summary judgment and objections to the summary judgment evidence submitted by the opposing party.

In support of its motion for summary judgment, Premcor submitted the first amended petition in intervention of the workers' compensation carrier, Ace American Insurance Company (Ace).[4] The petition in intervention revealed Ace issued a workers' compensation policy in full force and effect at the time of the incident and that the insurance company paid indemnity and medical benefits to Trahan in the amount of at least $208,577.72. Ace also alleged in its amended petition in intervention that Ace issued workers' compensation insurance policy number C47316765 to the Premcor Refining Group Inc. d/b/a Valero Port Arthur Refinery for employees at the Valero Port Arthur Refinery and Trahan was an employee of its insured for purposes of the Texas Workers' Compensation Act. Ace thus asserted in its amended petition in intervention it was not seeking recovery of any portion of its workers' compensation lien from Premcor. Premcor also included Ace's sworn discovery responses as evidence in support of its motion for summary

---

[4] We note pleadings do not generally constitute evidence. *See Commercial Structures & Interiors, Inc. v. Liberty Educ. Ministries, Inc.*, 192 S.W.3d 827, 835 (Tex. App.—Fort Worth 2006, no pet.).

5

judgment, which conveyed that Premcor had workers' compensation coverage in effect at the time of Trahan's incident.

There are no rulings on either party's objections to the summary judgment evidence in the record before us. The trial court granted Premcor's motion for summary judgment and denied Trahan's motion for summary judgment. The trial court subsequently severed the cause against Premcor, making the judgment final and appealable. Trahan then filed this appeal.

## II. Issue One: Denial of Motion to Recuse

### A. Standard of Review

In her first issue, Trahan argues the recusal judge erred in denying her motion to recuse the presiding trial judge. We review the denial of a motion to recuse for an abuse of discretion. *See* Tex. R. Civ. P. 18a(j)(1)(A); *Vickery v. Vickery*, 999 S.W.2d 342, 349 (Tex. 1999) (op. on reh'g); *Woodruff v. Wright,* 51 S.W.3d 727, 736 (Tex. App.—Texarkana 2001, pet. denied).

### B. Analysis

As the party seeking to recuse the trial judge, Trahan bore the burden of proof. *See In re H.M.S.*, 349 S.W.3d 250, 253 (Tex. App.—Dallas 2011, pet. denied). "A party seeking recusal must satisfy a 'high threshold' before a judge must be recused." *In re E.R.C.*, 496 S.W.3d 270, 279 (Tex. App.—Texarkana 2016, pet. denied)

6

(citation omitted). To be entitled to recusal for the reason asserted, Trahan had to show (1) the individual was related to the trial judge within the third degree by affinity or consanguinity, (2) the relative was likely to be a material witness, and (3) the trial judge knew his relative was likely to be a material witness. *See* Tex. R. Civ. P. 18b(b)(7)(C).

Trahan sought the trial judge's recusal solely claiming that the trial judge's sister-in-law was "to the judge's knowledge likely to be a material witness in the proceeding." *See id.* Trahan and Premcor agreed that the name of the trial judge's sister-in-law appeared in a post-incident investigation report produced by Premcor to Trahan on April 21, 2014. Yet our examination of the record suggests Trahan was unable to establish the sister-in-law's materiality as a witness. The investigation report listed actions requiring follow-up, along with persons responsible for those actions. Trahan had deposed several individuals listed on the report and none of them identified the judge's sister-in-law as a material witness, despite being questioned by Trahan's counsel about the investigative report.

Trahan's argument that the trial judge's sister-in-law would be a material witness in the case (whether on spoliation or on the merits) relied solely on the sister-in-law's name appearing in one document. Trahan never deposed the judge's sister-in-law before filing the motion to recuse and never sought her deposition until after

Trahan filed her recusal motion. Trahan identified no other document, deposition transcript, or discovery response that included any mention of the trial judge's sister-in-law.[5] Standing alone, the one document Trahan identified does not suggest the trial judge's sister-in-law was likely to be a material witness in the proceeding sufficient to meet Trahan's high threshold to recuse the presiding trial judge from the case.

Because Trahan failed to establish the trial judge's sister-in-law was likely to be a material witness and that the trial judge had knowledge that she was likely to be a material witness, we conclude the recusal judge did not abuse his discretion in denying the motion to recuse. *See Vickery*, 999 S.W.2d at 349; *Woodruff,* 51 S.W.3d at 736. We overrule issue one.

---

[5] Trahan argued that her spoliation motion put the trial judge on notice that his sister-in-law was likely to be a material witness. But the spoliation motion was filed the same day as Trahan's motion to recuse. Other than expanding more information from the Investigation Report containing the trial judge's sister-in-law's name, the spoliation motion failed to buttress Trahan's argument that the trial judge's sister-in-law would be a material witness in the case. Trahan offered no evidence that the relative was involved in any way in "investigat[ing] the causes of the incident," in "modif[ying] the sample station at issue in this case on an expedited basis to correct its deficiencies[,]" or in failing to preserve the ball valve, tubing, or spigot.

## III. Issues Two and Three: Premcor's Summary Judgment

In her second and third issues, Trahan contends the trial court erred in granting Premcor's motion for summary judgment on its affirmative defense of exclusive remedy under the Texas Workers' Compensation Act and denying her own motion for summary judgment on the same issue. Trahan argues she established conclusively that at the time of the incident, she was not an employee of Premcor and Premcor did not have workers' compensation insurance.

### A. Standard of Review

We review a trial court's decision on a motion for summary judgment *de novo*. *See HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 352 (Tex. 2009) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). When the parties file competing motions for summary judgment, and the trial court grants one and denies the other, we review all the questions presented and render the judgment that should have been rendered by the trial court. *See id.* (citing *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004)). In reviewing all questions presented, we examine the parties' summary judgment evidence. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review the evidence in the light most favorable to the party against whom the summary judgment was rendered. *See id.*; *City of Keller v. Wilson*, 168 S.W.3d 802,

9

807, 827 (Tex. 2005). To obtain summary judgment, the "movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law." *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015). If the movant meets this burden, "the burden then shifts to the non-movant to disprove or raise an issue of fact as to at least one of those elements." *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). But if the movant does not meet this burden, "the burden does not shift, and the non-movant need not respond or present any evidence." *Id*. A defendant moving for summary judgment must plead and conclusively establish each element of its defense as a matter of law to be entitled to summary judgment on an affirmative defense. *Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 927 (Tex. 1996).

**B. Analysis**

The Texas Workers' Compensation Act (TWCA) was intended to benefit employees and employers. *Port Elevator-Brownsville v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012).

> The [TWCA] was adopted to provide prompt remuneration to employees who sustain injuries in the course and scope of their employment. . . . The act relieves employees of the burden of proving their employer's negligence, and instead provides timely compensation for injuries sustained on-the-job. . . . In exchange for this prompt recovery, the act prohibits an employee from seeking common-law

10

> remedies from his employer, as well as his employer's agents, servants, and employees, and for personal injuries sustained in the course and scope of his employment.

*Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 142 (Tex. 2003) (quoting *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 206–07 (Tex. 2000) (citations omitted)). "Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer . . . for . . . a work-related injury sustained by the employee." Tex. Lab. Code Ann. § 408.001(a). Courts "construe the TWCA liberally in favor of coverage as a means of affording employees the protections the Legislature created." *Port Elevator*, 358 S.W.3d at 241.

The basis for Premcor's motion for summary judgment was the exclusive remedy defense under the TWCA. *See* Tex. Lab. Code Ann. § 408.001(a). To establish it was entitled to summary judgment on its affirmative defense of exclusive remedy, Premcor must prove that at the time of the work-related injury (1) it was Trahan's employer; and (2) it had workers' compensation insurance. *See Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 475–77 (Tex. 2005); *Warnke v. Nabors Drilling USA, L.P.*, 358 S.W.3d 338, 343 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (op. on reh'g). The TWCA defines an "employer" as "a person who makes a contract of hire, employs one or more employees, and has workers' compensation

11

insurance coverage." Tex. Lab. Code Ann. § 401.011(18) (West 2015). In determining whether an individual is an employee, courts look to traditional indicia, like the exercise of actual control over the details of the work that led to the injury. *Garza*, 161 S.W.3d at 477; *Limestone Prods. Distrib. Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002) ("The test to determine whether a worker is an employee rather than an independent contractor is whether the employer has the right to control the progress, details, and methods of operations of the work.").

Explaining some of the corporate background is useful in our analysis. The summary judgment evidence included the insurance policy at issue, deposition testimony from various employees under the "Valero umbrella," multiple internal accounting documents, and discovery responses from the workers' compensation carrier. The evidence established that Premcor Refining Group, Inc. is a wholly-owned subsidiary of Valero Energy Corporation. The evidence also established that Valero Energy Corporation is a holding company and has no employees. Valero Services, Inc. is another wholly-owned subsidiary of Valero Energy Corporation, and it provides payroll services to Premcor.

Premcor Refining Group, Inc. owns and operates the "Valero Port Arthur Refinery" where Trahan worked as a head operator at the time of the incident. Trahan worked at the facility for thirty-five years, for the current and prior owners of the

refinery. The general manager of the refinery and vice president of Premcor testified Trahan was an employee of the refinery, and he had the right to control the details of her work, including aspects related to safety. Trahan testified that the general manager had the authority to fire her and could correct her if he saw her doing something unsafe. In her deposition, Trahan also conveyed that all her work instructions originate from Port Arthur and not from the corporate offices in San Antonio. Trahan testified that she was injured while catching samples from one of the boilers that powered the plant, a necessary process to Premcor's refining operations. The evidence conclusively established Premcor had the right to control Trahan's work and Premcor was Trahan's employer for purposes of the TWCA. *See* Tex. Lab. Code Ann. § 401.011(18). Trahan is the only person who claims she was not a Premcor employee and failed to carry her burden of proof on this issue once the burden shifted to her.

To be entitled to the exclusive remedy defense, Premcor must also prove it had workers' compensation coverage at the time of the incident. *See id.* § 408.001(a); *Garza*, 161 S.W.3d at 475. Trahan submitted evidence and asserted the evidence failed to show that Premcor was a named party under the workers' compensation insurance policy produced by Premcor and Ace. The evidence submitted by Premcor established that Valero procured workers' compensation coverage for the entities

under its umbrella, including Premcor, as a wholly-owned subsidiary. Valero secured workers' compensation insurance through Ace. The Vice President of Risk Management of Valero Services, Inc. testified in his deposition that he was the individual responsible for obtaining the insurance. A Risk Finance Manager for Valero also testified they secured workers' compensation insurance for Valero. The testimony revealed Premcor provided to Ace specific information for each of its employees at the Port Arthur refinery to obtain workers' compensation coverage. That information included loss history and payroll information. Valero forwarded this type of information to Ace on behalf of each entity for which it secured coverage. Ace charged Valero one premium. Valero then allocated a portion of that premium to each entity covered under the workers' compensation policy based on actuarial information, which again, included loss history and number of employees on the payroll for each covered entity. Premcor and Valero provided spreadsheets showing their internal accounting and allocation of costs. Indeed, of all the Valero entities, Premcor paid the largest monthly portion of the premium under the policy.

Testimony and claim forms revealed that Trahan received workers' compensation benefits. Moreover, the workers' compensation carrier showed in its sworn discovery responses that on the date of the incident Premcor had workers' compensation insurance coverage, and the insurance company paid benefits to

14

Trahan under the policy. Ace's petition in intervention and sworn discovery responses established it was not seeking recovery of any portion of its workers' compensation lien from its insureds, which included Premcor. The parties to the insurance contract agreed: Premcor and Ace had a contract in which Ace provided workers' compensation coverage to Premcor at the time of Trahan's injury. *See First Bank v. Brumitt*, 519 S.W.3d 95, 99 (Tex. 2017) ("only 'the parties to an agreement determine its terms'") (quoting *Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 503–04 (Tex.2015)).

Trahan asserts that because Premcor was not listed by name on the actual policy, it is evidence that Premcor had no workers' compensation insurance coverage under the policy. She also argues that Premcor was not shown on the Texas Department of Insurance's web page as a subscriber.[6] We find these arguments unpersuasive. Unlike the situation before us, when the *Garza* Court held the employer did not prove it had coverage, it noted that no workers' compensation policy was identified or made part of the record. That is not the situation before us.

---

[6] Trahan included information from the Texas Department of Insurance's website with her supplemental motion for summary judgment which purported to show that Premcor was not shown as a workers' compensation subscriber. But the Texas Department of Insurance's website provides a disclaimer that states, "Not able to find the information required? This does not necessarily mean that coverage does not exist."

*See Garza*, 161 S.W.3d at 481. Despite Premcor's name itself not being listed on the policy, the address for the Port Arthur Refinery owned and operated by Premcor is listed in the "SCHEDULE OF OTHER WORKPLACES[.]" The evidence also established the steps taken to insure Premcor, specifically, subscribed to and received the benefit of workers' compensation insurance. *See id.*, 161 S.W.3d at 478 (noting premiums are to be based on that employer's rating experiences, not another employer's). These steps, as established by the summary judgment evidence, included

- submitting Premcor's specific payroll information and loss history information to the insurance carrier;

- listing the address of the Premcor refinery in Port Arthur on the policy;

- assigning a specific percentage of the overall premium charged by Ace to Premcor based on actuarial information;

- allocating that premium as an expense to Premcor;

- communicating with the carrier about coverage for Premcor; and

- obtaining the carrier's agreement that the coverage provided by the policy extended to Premcor.

Based on this record, the evidence conclusively established Premcor was Trahan's employer on the date of the incident for purposes of the TWCA and that Premcor subscribed to workers' compensation insurance. In fact, the summary

16

judgment evidence reveals Trahan received workers' compensation benefits under the policy. Premcor therefore was entitled to a judgment that the receipt of workers' compensation benefits was Trahan's exclusive remedy under the TWCA and acted as a bar to her negligence claims against it. Allowing her to pursue a lawsuit against Premcor after accepting workers' compensation benefits provided by Premcor would defeat the purpose of the TWCA. *See Wingfoot Enters.*, 111 S.W.3d at 142; *Little v. Delta Steel, Inc.*, 409 S.W.3d 704, 714–15 (Tex. App.—Fort Worth 2013, no pet.) (applying quasi-estoppel principles in concluding a plaintiff's negligence claim could not survive when a plaintiff accepted death benefits and to do otherwise would be repugnant to the purpose of the workers' compensation statute and noting that a party's acceptance of workers' compensation benefits was inconsistent with the party's assertion that the employer did not have workers' compensation insurance). We overrule issues two and three.

## IV. Conclusion

The summary judgment evidence conclusively established that on the date of the incident, Premcor was Trahan's employer and Premcor subscribed to a workers' compensation policy issued by Ace at the time of her injury. The evidence also established Trahan received workers' compensation benefits under the workers' compensation insurance policy. Premcor therefore was entitled to summary

judgment based on the exclusive remedy defense under the TWCA. The judgment of the trial court is affirmed.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on May 2, 2018
Opinion Delivered August 16, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.