**Affirmed and Memorandum Opinion filed June 6, 2024.**



**In the**

# Fourteenth Court of Appeals

### NO. 14-23-00620-CV

**SABAH WAELI, Appellant**

**V.**

**BWFS INDUSTRIES, LLC, AND EDUARDO VALLEJO, Appellees**

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-09159**

## M E M O R A N D U M   O P I N I O N

In this personal-injury case, appellant Sabah Waeli contends that the trial court erred in granting traditional and no-evidence summary judgment in favor of defendants BWFS Industries, LLC, and Eduardo Vallejo.[1] Because BWFS and Vallejo established as a matter of law that the exclusive remedy for Waeli's injury is the recovery of workers' compensation benefits, we affirm.

---

[1] Vallejo is also identified in the record as Eduardo Vallejo Martinez.

# I. BACKGROUND

In August 2019, Waeli and Vallejo were employed by the temporary-employment service (TES) In-Fuse Staffing Service. Waeli worked as a vessel fitter, and Vallejo worked as a "helper." Both Waeli and Vallejo were assigned to work for In-Fuse's client, BWFS Industries, LLC, and both worked the twelve-hour night shift. During a shift in which Vallejo was assigned to work as Waeli's helper, Vallejo pushed a metal grating onto Waeli's hand, partially amputating one of Waeli's fingers.

Both BWFS and In-Fuse had workers' compensation insurance. In-Fuse's policy additionally contained an "Alternate Employer Endorsement" providing workers' compensation coverage to BWFS for bodily injury sustained by an In-Fuse employee in the course of the employee's temporary employment by BWFS. Waeli's workers' compensation benefits were paid through In-Fuse's policy.

Waeli sued BWFS and two other companies, alleging that the companies were negligent, negligent per se, and vicariously liable for the acts of their employees, agents, and borrowed servants. Waeli also named Vallejo as a defendant, but because Waeli did not assert any causes of action against him, we treat Vallejo as subsumed within our references to BWFS.

BWFS filed a combined traditional and no-evidence motion for summary judgment. As grounds for traditional summary judgment, BWFS argued that Waeli's claims were barred by the exclusive-remedy provision of the Texas Workers' Compensation Act. TEX. LAB. CODE §§ 93.004(b), 408.001. BWFS argued in the alternative that no evidence supported various elements of Waeli's tort claims.

The trial court granted summary judgment without stating the grounds for the ruling and denied Waeli's motion for reconsideration. The summary judgment

became final several months later when Waeli non-suited his claims against the remaining defendants. In two issues, Waeli argues that the trial court erred in granting traditional or no-evidence summary judgment.

## II. STANDARD OF REVIEW

We review summary judgments de novo. *See Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014) (per curiam). When the trial court grants a combined traditional and no-evidence summary-judgment motion without specifying the grounds for the ruling, we generally review the no-evidence grounds first. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). On the other hand, appellate courts also are required to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1. Here, it is more efficient to begin by reviewing the grounds for traditional summary judgment.

To prevail on a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). If the movant makes this showing, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995)). On review, we construe the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable juror could and disregarding contrary evidence unless a reasonable juror could not. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

## III. EXCLUSIVE REMEDY OF WORKERS' COMPENSATION BENEFITS

Recovery of workers' compensation benefits is the exclusive remedy for the work-related injury of an employee covered by workers' compensation insurance. TEX. LAB. CODE § 408.001(a). An employee can work for more than one employer at the same time. *See Port Elevator-Brownsville v. Casados*, 358 S.W.3d 238, 242 (Tex. 2012). This is frequently the case when an employee works for a temporary-employment service that provides personnel for its clients. If a TES obtains workers' compensation insurance, then the exclusive-remedy provision applies to both the TES and the TES's client. TEX. LAB. CODE § 93.004(b).

BWFS moved for traditional summary judgment on the grounds that the exclusive-remedy provision bars Waeli's claims, because when Waeli was injured, (1) In-Fuse, the TES employing Waeli, had an insurance policy providing workers' compensation coverage to its employees, (2) the "Alternate Employer Endorsement" of In-Fuse's policy expressly provided workers' compensation coverage to In-Fuse's employees injured in the course of work for BWFS, and (3) BWFS independently had its own workers' compensation coverage.

The last of these three grounds relies on a direct employment relationship between the injured worker, as employee, and the defendant, as the employer (or the employer's agent or employee). *See* TEX. LAB. CODE 408.001(a) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee."). To prevail on that ground, BWFS would be required to prove that it was Waeli's employer, and that determination "has always depended on the extent to which the parties' conduct at the jobsite demonstrated the

client's right to control the plaintiff's daily work." *Waste Management of Texas, Inc. v. Stevenson*, 622 S.W.3d 273, 279 (Tex. 2021).

But BWFS's first two grounds for traditional summary judgment rely on Texas Labor Code section 93.004(b): "For workers' compensation insurance purposes, if a temporary employment service elects to obtain workers' compensation insurance, the client of the temporary employment service and the temporary employment service are subject to Sections 406.034 and 408.001." [2] To prevail on either of these grounds, BWFS need only prove that, at the time of Waeli's injury, (1) BWFS was a client of a TES; (2) the TES carried workers' compensation insurance; and (3) Waeli was an employee covered by that policy. *See Robles v. Mount Franklin Food, L.L.C.*, 591 S.W.3d 158, 166 (Tex. App.—El Paso 2019, pet. denied). In other words, if a TES employee is injured while working for a TES client and the TES has workers' compensation coverage, then the exclusive-remedy provision applies to both the TES and the client.

BWFS satisfied its burden to show that these elements were satisfied. Indeed, Waeli essentially admitted each of these elements in his live pleading. He stated that "In-Fuse hired him to do the job at BWFS"; that he was injured while working at BWFS; and that workers' compensation benefits were tendered by In-Fuse's insurance carrier.

BWFS's summary-judgment evidence confirmed and expounded upon these facts. The evidence includes Waeli's deposition testimony that he was hired by In-Fuse as a vessel fitter and that In-Fuse assigned him to work at BWFS. The evidence also includes BWFS's contract with In-Fuse, and in the contract, In-Fuse agreed to

---

[2] Under section 406.034, an employee can retain the common-law right to sue for personal injuries by a timely and appropriate written notice to the employer. *See* TEX. LAB. CODE § 406.034. Because Waeli did not do so, section 406.034 is not at issue in this case.

5

provide vessel fitters and helpers to BWFS on a "Temporary and Temp to Hire" basis.

BWFS also provided evidence from Texas Mutual Insurance Company, the carrier that provides workers' compensation coverage to both BWFS and In-Fuse. Affiant Jennifer K. Burkhart, Texas Mutual's Senior Manager of Special Claim Services, attested that Texas Mutual issued Policy No. 0002029567 to TES In-Fuse for the policy period from March 22, 2019, to March 22, 2020. She explained that Texas Mutual determined that Waeli's claim was compensable under In-Fuse's policy because Waeli's work-related injury occurred while Waeli was assigned to BWFS, and that BWFS is covered under the "Alternate Employer Endorsement" of In-Fuse's policy. Burkhart also attached records showing that, as of the date of her affidavit, Texas Mutual had paid medical benefits of $314.35 and indemnity benefits of $46,924.50 under In-Fuse's workers' compensation policy. Christopher Kiesler, Texas Mutual's Senior Manager of Corporate Underwriting, authenticated a copy of In-Fuse's policy, which expressly names BWFS as the covered "alternate employer" of In-Fuse employees assigned to BWFS.

Because BWFS established all of the elements that it was required to prove, the burden shifted to Waeli to raise a genuine issue of material fact precluding summary judgment. Waeli, however, did not dispute any of these facts, but instead asserted that, to prevail on the ground that Waeli was covered by a TES's workers' compensation policy while working for a TES's client, "[e]stablished case law demonstrates that Defendant BWFS must still prove that it controlled and directed [Waeli's] work."[3] However, Waeli cited no such case law, either in its summary-judgment response or on appeal. The only case Waeli cited in his summary-judgment

---

[3] Underlining in original.

response or his opening brief that even mentions section 93.004 is *Balderas ex rel. Balderas v. Houston Foam Plastics, Inc.*, No. 01-20-00755-CV, 2022 WL 17254954 (Tex. App.—Houston [1st Dist.] Nov. 29, 2022, no pet.) (mem. op.).

Like Waeli, Balderas was employed by a TES (Port City Staffing) and was injured in the course and scope of his work for the TES's client (Houston Foam Plastics). *Id.* at *1. As here, the injured worker sued the client company, who raised the affirmative defense that recovery of workers' compensation benefits was the injured worker's exclusive remedy. *Id.* at *1–2. And, as here, the client company asserted that both it and the TES who employed the worker were subscribers to workers' compensation insurance. *Id.* at *4. Our sister court explained that "because Houston Foam is both the client company of a temporary employment service and a subscriber to workers' compensation insurance in its own right, it was entitled to invoke exclusive remedy as a bar to Balderas's claims *either* through Texas Labor Code section 408.001 by way of section 93.004(b) *or* directly through Texas Labor Code section 408.001." *Id.* at *8 (emphasis added). But although Houston Foam had referred to both chapter 93 and chapter 408 in its pleading, "Houston Foam did not rely on its status as a client of a temporary employment service in moving for summary judgment based on the exclusive remedy provision," and instead argued that it, Houston Foam, was Balderas's employer and was itself a subscriber to workers' compensation insurance. *Id.* at *9. Thus, section 93.004(b) was not at issue in *Balderas*; the issue there was whether there was "a *direct* employer-employee relationship" between Houston Foam and Balderas. *Id.* at *11. To answer that question, the court looked to "traditional indicia, such as the exercise of actual control over the details of the work that gave rise to the injury." *Id.* (quoting *Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 476 (Tex. 2005)).

7

The same is true of another case on which Waeli heavily relies, but which does not mention section 93.004 at all. In *Waste Management of Texas, Inc. v. Stevenson*, a TES employee was injured while working for the TES's client and received workers' compensation benefits through the TES. 622 S.W.3d at 276. The employee then sued the client, and as in *Balderas*, the client company sought summary judgment only on the ground that the claims were barred because the injured worker was the employee of the client company, who was a workers' compensation subscriber. *Id.* at 276–77. As in *Balderas*, the propriety of summary-judgment turned on whether the client company was the worker's employer, which required the court to analyze the extent of the client's right to control the plaintiff's daily work. *Id.* at 279.

Here, however, we need not consider whether BWFS exercised, or had the right to exercise, such a degree of control over the manner and details of Waeli's work so as to be considered Waeli's employer. It is sufficient that BWFS established it was the client of the temporary employment service In-Fuse; that Waeli was employed by In-Fuse and assigned to work for BWFS; that Waeli was injured in the course of his work for BWFS; and that In-Fuse's workers' compensation policy provided coverage for the injury. *See* TEX. LAB. CODE § 93.004(b); *Robles*, 591 S.W.3d at 166.

We overrule Waeli's first issue, which renders it unnecessary for us to consider his second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.


/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.